IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

JAMES SULLIVAN                                                          PLAINTIFF

V.                                              CIVIL ACTION NO. 2:06CV016-B-A

BOYD TUNICA, INC., d/b/a SAM'S
TOWN CASINO TUNICA, MISSISSIPPI
GAMING COMMISSION, WILLIAM
ANDERSON, PAT HAWKINS, individually
and in his capacity as a Mississippi Gaming
official, and FAYE PERKINS                                              DEFENDANTS

**MEMORANDUM OPINION**

This cause comes before the court upon the motions to dismiss of defendants Mississippi Gaming Commission and Pat Hawkins, the motions for leave to file excess pages of defendants Mississippi Gaming Commission, Pat Hawkins, and Faye Perkins, and all defendants' motions for summary judgment. Upon due consideration of the motions, responses, exhibits, and supporting and opposing authority, the court is ready to rule.

Factual and Procedural Background

The plaintiff, James Sullivan, was employed as a card dealer by defendant Boyd Tunica, Inc., d/b/a Sam's Town Hotel and Gambling Hall ("Boyd") in Tunica County, Mississippi, from 1999 to March 2002. Boyd is a licensed gaming operation regulated by defendant Mississippi Gaming Commission ("MGC").

The plaintiff alleges that during his employment with Boyd he made several formal and informal complaints concerning the management of the casino. He asserts that, as a result of these complaints, Boyd and its agents – primarily defendant William Anderson, a video

surveillance supervisor – increased surveillance of the plaintiff's activities and ultimately caused him to be wrongfully prosecuted.

Defendant Anderson alleges that he noticed what he considered to be suspicious activity by Sullivan in early 2001. According to Anderson, Sullivan appeared to be improperly assisting a player while dealing blackjack. Boyd reported this incident to the MGC. The MGC investigated and decided not to pursue the matter. Sullivan received a five-day suspension from work for his incident.

Anderson further alleges that in February 2002 he observed another instance in which Sullivan, while dealing, appeared to be advising a blackjack player on how to bet. Boyd again reported the matter to the MGC. An MGC agent, defendant Pat Hawkins, contacted defendant Faye Perkins, a surveillance employee of another casino, and requested that she play at Sullivan's table as part of an investigation. On February 27, 2002, Perkins arrived at the casino, was given $500.00 in cash with which to play, and played blackjack at Sullivan's table for approximately thirty-five minutes. Afterwards, Perkins asserted that Sullivan told her he was "card counting" and that he gave her instructions on how to play her hand, when to play two hands, when to increase her bet, and when to change positions on the blackjack table. Defendant Hawkins subsequently interviewed Sullivan who refused to answer questions. Boyd suspended Sullivan pending investigation and terminated his employment on March 6, 2002.

Hawkins turned over the MGC investigatory file to the local district attorney's office on April 26, 2002. Hawkins later testified before a Tunica County grand jury, and on August 13, 2002, the grand jury indicted Sullivan for a violation of the Mississippi Gaming Control Act, Miss. Code Ann. § 75-76-301(b). This section states in relevant part as follows:

> It is unlawful for any person . . . [t]o place, increase, or decrease a bet or to determine the course of play after acquiring knowledge, not available to all players, of the outcome of the game or any event that affects the outcome of the game or that is the subject of the bet or to aid anyone in acquiring such knowledge for the purpose of placing, increasing, or decreasing a bet or determining the course of play contingent upon that event or outcome.

Sullivan surrendered himself to the Tunica County Sheriff's Department on November 27, 2002, and immediately bonded out. Due to an apparent clerical error in the Tunica County sheriff's office, a fugitive warrant was issued for Sullivan's arrest and he was rearrested by the Shelby County, Tennessee, sheriff's department in January 2003. A trial was held in the Circuit Court of Tunica County on October 4 - 7, 2004, which resulted in Sullivan's acquittal.

Sullivan filed the present action in the U.S. District Court for the Western District of Tennessee on June 2, 2005. The plaintiff asserted claims for false arrest, abuse of process, intentional infliction of emotional distress, negligent infliction of emotional distress, negligence, and malicious prosecution. The plaintiff further asserted Section 1983 claims against MGC and Hawkins. Acknowledging his failure to give proper notice in compliance with the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-11, the plaintiff voluntarily dismissed defendant MGC without prejudice. Defendants Anderson, Hawkins, Perkins, and Boyd moved to dismiss for lack of personal jurisdiction. The court granted all but Boyd's motion. The court subsequently granted the plaintiff leave to amend his complaint to reinstate MGC as a party after the plaintiff complied with Miss. Code Ann. § 11-46-11. The plaintiff then moved for a change of venue, and the court granted the motion. The case was transferred to this court on February 2, 2006. The plaintiff moved this court for leave to amend in order to bring the individual defendants Anderson, Hawkins, and Perkins back into the cause of action. The court granted the

motion. The amended complaint asserts the existence of diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) and for civil rights claims pursuant to 28 U.S.C. § 1343.

MGC and Hawkins in his official capacity moved to dismiss the Section 1983 claims against them, correctly arguing that the claims are barred by the Eleventh Amendment. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S. Ct. 2305, 105 L. Ed. 2d 45 (1989). The plaintiff subsequently conceded that the argument is an accurate statement of the law and thereby abandoned his Section 1983 claims against MGC and Hawkins in his official capacity but refused to do so as to Hawkins in his individual capacity. The motions to dismiss the Section 1983 claims against MGC and Hawkins in his official capacity will, therefore, be granted. All defendants have moved for summary judgment as to all claims, and the court addresses those motions at this time.

## Standard of Review

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). If the movant makes such a showing, the burden then shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324, 106 S. Ct. at 2553, 91 L. Ed. 2d at 274 (quoting Fed. R. Civ. P. 56(c), 56(e)). Before finding that

no genuine issue for trial exists, the court must first be satisfied that no rational trier of fact could find for the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 552 (1986).

## Analysis

The defendants assert that a number of the plaintiff's claims are barred by the statute of limitations. The court agrees and addresses this matter initially.

### *False Arrest*

A claim for false arrest must be filed within one year of the date the action accrued. Miss. Code Ann. § 15-1-35. A cause of action for false arrest accrues on the day the arrest occurred. *City of Mound Bayou v. Johnson*, 562 So. 2d 1212. The plaintiff surrendered himself to law enforcement authorities on November 27, 2002, and was rearrested in January 2003. The present action was filed on June 2, 2005. The plaintiff argues that the continuing tort doctrine should apply to prevent dismissal of the claim on statute of limitations grounds, but the court rejects this argument finding that the cause of action accrued no later than early 2003.

### *Abuse of Process*

A claim for abuse of process is subject to a one-year statute of limitations. *Suthoff v. Yazoo County Indus. Dev. Corp.*, 722 F.2d 133, 136 (5th Cir. 1983). "Abuse of process occurs when (1) a party makes an illegal use of a legal process, (2) the party has an ulterior motive, and (3) damage results from the perverted use of process." *Ayles ex rel. Allen v. Allen*, 907 So. 2d 300, 2003 (Miss. 2005). "Unlike an action for malicious prosecution where a legal termination of the prosecution complained of is essential, in an action for abuse of process it is not necessary, ordinarily, to establish that the action in which the process is issued has terminated

5

unsuccessfully." *Hyde Constr. Co. v. Koehring Co.*, 321 F. Supp. 1193, 1207 (S.D. Miss. 1969) (quoting 1 A.L.R. 3d 948, 953). A cause of action for abuse of process, therefore, accrues at "the termination of the acts which constitute the abuse complained of, and not from the completion of the action which the process issued . . . ." *Hyde Constr.*, 321 F. Supp. at 1207.

Any of the defendants' alleged actions which could possibly constitute abuse of process were completed by April 2002. Defendant Anderson reported the plaintiff's alleged suspicious activity in February 2002. Hawkins and Perkins became involved in the matter shortly thereafter. Hawkins delivered the investigation file to the district attorney in April 2002. Assuming arguendo that these actions give rise to an abuse of process claim, they all occurred outside the limitations period, and the claim must be dismissed.

The plaintiff again argues that the continuing tort doctrine should protect his claim, but the court is unpersuaded. The plaintiff asserts that the actions giving rise to the claim extend through the grand jury hearing and to the plaintiff's criminal trial, in which the defendants testified. The court finds, however, that Hawkins, the only defendant to testify before the grand jury, was under a lawful subpoena when he did so, and the same is true for all the defendants who testified at the trial. The plaintiff has failed to cite any authority or set forth any evidence in support of his position that the defendants' subpoenaed appearances and testimony at the grand jury hearing and criminal trial constitute an abuse of process, and the court finds none. Even if the defendants' testifying in these matters did constitute an illegal use of the justice system, the plaintiff has set forth no evidence, beyond conclusory allegations, of any ulterior motive on the part of the defendants – an essential element of the claim. Further, the Mississippi Supreme Court has held that the continuing injury doctrine applies only "in situations where the defendant

commits repeated acts of wrongful conduct, not where harm reverberates from a single, one-time act or omission." *Stevens v. Lake*, 615 So. 2d 1177, 1183 (Miss. 1993). The plaintiff's allegations regarding the defendants' testifying before the grand jury and at the criminal trial and their consulting with the district attorney are in the nature of "reverberation" rather than separate, individual acts of wrongful conduct. For all of these reasons, the court finds that the abuse of process claim should be dismissed.

*Intentional and Negligent Infliction of Emotional Distress and Negligence*

The statute of limitations for intentional infliction of emotional distress is one year, while the period for negligent infliction of emotional distress and negligence is three years. Miss. Code Ann. §§ 15-1-35; 15-1-49; *Norman v. Bucklew*, 684 So. 2d 1246, 1252 (Miss. 1996). As with the claims addressed above, any actions on the part of the defendants which could give rise to these causes of action occurred outside the applicable limitations periods. While the plaintiff again argues for application of the continuing tort doctrine, he has again failed to cite any authority or point to any evidence that the defendants' testifying under lawful subpoenas was conduct that constitutes intentional or negligent infliction of emotional distress or negligence. The claims must, therefore, be dismissed.

*Malicious Prosecution*

A cause of action for the tort of malicious prosecution requires the following elements: "(1) the institution of a proceeding, (2) by, or at the insistence of the defendant, (3) the termination of such proceedings in the plaintiff's favor, (4) malice in instituting the proceedings, (5) want of probable cause for the proceedings, [and] (6) the suffering of injury or damage as a result of the prosecution." *Condere Corp. v. Moon*, 880 So. 2d 1038 (Miss. 2004) (citing

7

*McClinton v. Delta Pride Catfish, Inc.*, 792 So. 2d 968, 973 (Miss. 2001)). "In order to show that a defendant instigated a proceeding, the evidence must support a conclusion that the 'defendant must have been the proximate and efficient cause of maliciously putting the law in motion in the original proceedings.'" *Benjamin v. Hooper Elec. Supply Co., Inc.*, 568 So. 2d 1182 (Miss. 1990) (quoting *Winters v. Griffis*, 233 Miss. 102, 108, 101 So. 2d 346, 348 (1958)). In other words, the defendant must affirmatively act "by way of advice, encouragement, pressure, etc., in the institution, or causing the institution, of the prosecution, or in affirmatively encouraging its continuance after it has been instituted." *Downtown Grill, Inc. v. Connell*, 721 So. 2d 1113, 1117-18 (Miss. 1998).

The Fifth Circuit has found it to be "well settled that if facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation." *Taylor v. Gregg*, 36 F.3d 453, 456 (5th Cir. 1994). One who acts with malice in procuring a warrant or indictment "will not be liable if the facts supporting the warrant or indictment are put before an impartial intermediary such as a magistrate or a grand jury, for that intermediary's independent decision breaks the causal chain and insulates the initiating party." *Taylor*, 36 F.3d at 457 (quoting *Hand v. Gary*, 838 F.2d 1420, 1427 (5th Cir. 1988)). As the plaintiff argues, the *Taylor* court was addressing a claim for false arrest, but this court finds the case equally applicable in a malicious prosecution context because the central issue addressed is the issue of probable cause. The absence of probable cause is an essential element of both causes of action. "Where probable cause exists for an arrest, a suit for false arrest and malicious prosecution will not lie . . . ." *Keen v. Simpson County*, 904 So. 2d 1157, 1161 (Miss. Ct. App. 2004).

The *Taylor* court noted that "the chain of causation is broken only where all the facts are presented to the grand jury or magistrate and the malicious motive of the officer does not lead him to withhold any relevant information." *Taylor*, 36 F.3d at 457. The plaintiff in the present case asserts that exculpatory information was withheld from the grand jury and that the chain of causation for malicious prosecution is, therefore, unbroken. The plaintiff contends that the defendants withheld the following relevant exculpatory evidence: (1) Perkins lost over half of the $500 at the plaintiff's blackjack table; (2) defendant Anderson did not watch Perkins' play to determine whether it was consistent with card counting; and (3) Perkins' play at the plaintiff's table was inconsistent with card-counting according to the plaintiff's expert, William A. Zender. First, whether Perkins won or lost was not relevant as to whether the plaintiff violated Miss. Code Ann. § 75-76-301(b). The statute does not require that the alleged offender profit from his cheating. Second, the court finds no relevance regarding Anderson's failure to watch Perkins' play. Anderson should be allowed to rely upon Perkins' report of the incident. Third, the opinion rendered by the plaintiff's expert was not even in existence at the time of the grand jury proceeding. This information is, therefore, irrelevant in regard to whether the grand jury hearing was tainted. The *Taylor* court emphasized that evidence of tainting must be set forth and that "[m]ere allegations are insufficient." *Id.* As the court noted, "An independent intermediary breaks the chain of causation unless it can be *shown* that the deliberations of that intermediary were in some way tainted by the actions of the defendants." *Id.* The plaintiff has not met this burden, and his malicious prosecution claim must be dismissed.

9

*Section 1983 Claims*

The plaintiff asserts a cause of action pursuant to 42. U.S.C. § 1983 for alleged violations of the Fourth, Fifth, and Fourteenth Amendments. As mentioned above, the plaintiff has now abandoned his Section 1983 claims against MGC and Hawkins in his official capacity. The plaintiff continues, however, to pursue these claims against Hawkins in his individual capacity. First, the plaintiff cannot prove that a Fourth Amendment constitutional violation has occurred for the same reason that his claims for false arrest and malicious prosecution must fail. Probable cause has been established by the grand jury's indictment. *See generally Esparaza v. State*, 595 So. 2d 418 (Miss. 1992). Second, the plaintiff asserts a Fifth Amendment claim, presumably for alleged deprivation of due process. The Fifth Amendment, however, has "never been held to have become applicable to the States through the incorporation doctrine." *Brown v. City of Hazlehurst*, 741 So. 2d 975, 985 (Miss. Ct. App. 1999) (citing *Pruett v. Dumas*, 914 F. Supp. 133, 136 (N.D. Miss. 1996)). "The Fifth Amendment restricts the power of the federal government and does not apply to state actions." *Pruett*, 914 F. Supp. at 136. Finally, as to the plaintiff's Fourteenth Amendment claim, "if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *County of Sacramento v. Lewis*, 523 U.S. 833, 843, 118 S. Ct. 1708, 1715, 140 L. Ed. 2d 1043 (1998) (quoting *United States v. Lanier*, 520 U.S. 259, 272, n.7 117 S. Ct. 1219, 1228, n.7, 137 L. Ed. 2d 432 (1997)).

The plaintiff's constitutional claims are also barred by the statute of limitations. "Because there is no statute of limitations for 42 U.S.C. § 1983 actions, federal courts borrow the

general personal injury limitations period of the forum state." *Knight v. Calhoun County, Miss.*, 273 F.3d 1104 (5th Cir. 2001). The general personal injury limitations period in Mississippi is three years. Miss. Code Ann. § 15-1-49. Hawkins' actions – with the exception of his testifying before the grand jury and later at the criminal trial – took place from February to April 2002. The plaintiff did not file the present action until June 2005. The plaintiff's Section 1983 claims, therefore, must be dismissed.

## Conclusion

For the foregoing reasons, the court finds that no genuine issue of material fact exists in this cause, and the defendants are entitled to judgment as a matter of law on all claims. The defendants' summary judgment motions shall be granted; Mississippi Gaming Commission and Pat Hawkins' motions to dismiss shall be granted; and the defendants' motions for leave to file excess pages shall be granted. A separate order in accord with this opinion shall issue this day.

This, the 16th day of February, 2007.

/s/ Neal Biggers
_____
**NEAL B. BIGGERS, JR.
SENIOR U.S. DISTRICT JUDGE**